VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-376



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

Darlene Seely v. Robert Paluba\*

}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Family Division
CASE NO. 22-DM-02542
Trial Judge: Megan J. Shafritz

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's order directing him to continue providing health insurance coverage for wife during the nisi period of the final divorce decree.  We affirm.

The record indicates the following.  The parties married in December 2006 and separated in June 2020.  They entered into a marital settlement agreement in September 2023, which the court adopted and incorporated into a final divorce order and decree.  The parties agreed that the decree nisi period would become absolute after ninety days, or mid-December 2023.

Shortly after the court issued its order, wife discovered that husband had removed her from his health insurance coverage.  She moved to enforce the final order and requested that the court immediately reinstate her coverage during the nisi period.  Wife stated that she had significant health challenges, which required regular treatment, which husband knew.  She had been covered by husband's insurance plan during the marriage and intended to rely on this coverage during the nisi period while she found new coverage.  Wife argued that husband violated the final order and decree by removing her from his health insurance plan well in advance of when the nisi period became absolute.

Husband opposed the motion.  He acknowledged that, under an interim domestic order, the parties were ordered not to change any insurance coverage.  He asserted that the parties had never discussed extending wife's health insurance coverage beyond the final divorce hearing, and such coverage was not mentioned in the parties' settlement agreement.  Husband maintained that the final order superseded the interim order and he had no obligation to continue wife's health insurance coverage once the final order issued.

The court granted wife's request and ordered husband to immediately reinstate wife's health insurance.  This appeal followed.

Husband argues that the court lacked authority to grant wife's request. He maintains that, although the parties did not waive the ninety-day nisi period, he was not required to do anything during this period. Husband contends that the court effectively modified the parties' agreement by requiring him to continue wife's insurance coverage during the nisi period.

We reject this argument. Under 15 V.S.A. § 554(a), "[a] decree of divorce . . . in the first instance shall be a decree nisi and shall become absolute at the expiration of 90 days from the entry thereof," unless the court fixes an earlier date. "In states like Vermont that provide for interlocutory divorce decrees followed by a nisi period, the parties are considered to be married throughout the interlocutory period." In re Estate of Ladd, 161 Vt. 270, 272 (1994) (citing 2 H. Clark, The Law of Domestic Relations in the United States § 15.8, at 108 (2d ed. 1987)). The underlying order did not go into effect during the nisi period and husband thus acted inappropriately in taking affirmative steps to change the status quo. The trial court did not modify the final order, as husband asserts, nor was wife required to file a motion to set aside the judgment under Vermont Rule of Civil Procedure 60(b) to obtain relief. Wife was covered as a spouse under husband's health insurance and she remained his spouse until the nisi period expired and the divorce decree became absolute. Given this, the court acted within its discretion in ordering husband to reinstate wife's insurance coverage during the nisi period.

Affirmed.

BY THE COURT:


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


William D. Cohen, Associate Justice